No. 796

RENNER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6490. Decided March 1, 1926

557. FRAUD & DECEIT—Reliance upon false representations is not necessary to be set forth in indictment charging "obtaining money under false pretenses" where a false pretense and payment of money by another person exist.

SULLIVAN, J.

This case was instituted in the Cleveland Municipal Court, based upon an affidavit of one Harry Houdini, who swore that George Renner held himself out as a spiritualistic medium, claiming that he was able to converse with and receive messages from the spirits of the dead. It was further set forth that Renner was unable to transmit messages to and receive messages from the spirits of the dead.

Renner was charged with having obtained money from Houdini under false pretenses and in the lower court was convicted of the crime as charged.

Renner prosecuted error claiming that he could not be prosecuted under 13104 GC., (upon which the indictment was predicated) because Houdini did not allege that he relied upon his (Renner's) representations. The Court of Appeals held:

1. A difference exists between civil and criminal cases; and it is well settled that reliance upon the representations is a necessary element to an action in a civil case.

2. Three elements necessary to an indictment under this section are (1) The making of some false pretense, (2) obtaining thereby, money, goods, etc., (3) that same was obtained with intent to cheat or defraud the person from whom obtained. 11 OS. 669.

3. The affidavit is based upon statute and nowhere in the statute is there any mention of reliance as an essential element.

4. Where a false pretense and the payment of money exist, there could be no other conclusion excepting that there was a reliance under the law; but an incorporation of this in the affidavit is not necessary.

Judgment affirmed.

Attorneys—Reuben H. Sachrow for Renner; E. C. Stanton for State; both of Cleveland.